IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KENNETH A. THOMAS MD, LLC**, a Connecticut limited liability company, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**UNITED ROOFING AND CONCRETE, INC.**, a New York corporation,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Kenneth A. Thomas MD, LLC ("Thomas" or "Plaintiff") brings this Class Action Complaint against Defendant United Roofing and Concrete, Inc. ("Defendant" or "United Roofing"), to stop the Defendant's practices of sending unauthorized and unwanted fax advertisements, and to obtain redress and recover damages for all persons and entities similarly injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

**NATURE OF THE ACTION**

1.      This case challenges Defendant United Roofing's practice of sending unsolicited advertisement material using fax messages to doctors' offices.

2.      As such, Defendant's fax advertisements violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and caused Plaintiff and putative members of the Class to suffer actual harm, including the aggravation and nuisance of receiving such faxes, the loss of

1

use of their fax machines during the receipt of such faxes, and increased labor expenses.

3. Accordingly, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized fax-based marketing activities, as well as an award of actual and statutory damages, along with costs and reasonable attorneys' fees.

## PARTIES

4. Plaintiff Kenneth A. Thomas MD, LLC is a Connecticut limited liability company with its principal place of business in Stratford, Connecticut.

5. Defendant United Roofing is a New York corporation with its principal place of business in Lake Grove, New York. Defendant United Roofing conducts business throughout this District and surrounding areas.

## JURISDICTION & VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

7. This Court has personal jurisdiction over the Defendant because the Defendant is located in this District and does business from this District.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant is located in this District.

## COMMON ALLEGATIONS

9. Defendant United Roofing provides roofing services throughout New York and surrounding areas including Connecticut.

10. The fax advertisements that United Roofing sends out are solicitations as consumers would pay for their advertised services.

## TOTAL PRICE IS JUST
## 85¢ PER SQ. FT.!

### (IF GRAVEL OR ALUMINUM COATING IS APPLIED, PRICE WILL BE HIGHER. CALL FOR DETAILS)

11. The fax advertisements that United Roofing sends out are lacking opt-out language, as per Plaintiff's experience.

12. Consumers and fax machine owners have posted many complaints online about unsolicited fax advertisements that they received from United Roofing, including:

- "Fax solicitation. Called 8/8 and "Rob" mentioned a hospital or something. Convo drifting in and out. Gave him my address and said he'd schedule a visit. No word. Called again 8/9 afternoon. Some other guy answered quickly, I told him my story and they said it was "Joel". Then the call disconnected. I called back, mentioned the dropped call, he mumbled something, then hung up on me. Wish I'd read these reviews prior to wasting my time. DON'T WASTE YOURS / RESPONSE to "owner": I record my calls. He said Rob yesterday, and you said Joel today. You are correct about one thing: I GOT THE WRONG COMPANY"[1]

- "Joey and his brother John gave me an estimate to repair a leaking roof. By the time the job was done, was charging me TRIPLE the estimated price. I was NOT informed of price increase as he was doing the job. Literally, had to threaten to call the police, and get small claims court involved for him to reduce the price. After the job was done my roof still leaked. These guys are such crooks, I didn't even bother to call them back - even though I had a warranty with them. If you need a roofer, AVOID THESE GUYS AT ALL COST."[2]

- "Spam faxes for years. They won't remove you from there list. Extremely unprofessional"[3]

- "Enough already with the spam faxes. It's illegal to fax me without my permission and it's also illegal to not offer a way to opt out."[4]

- "Fax Spammer. I can't my number removed from this roofing company after a hundred attempts"[5]

---

[1] https://www.google.com/search?q=855-226-9990
[2] Id.
[3] Id.
[4] Id.
[5] https://www.bbb.org/us/ny/lake-grove/profile/roofing-contractors/united-roofing-0121-87146280/customer-reviews

3

- "This business intentionally faxes me frequently despite telephoning them that I am clearly not interested in having anything to do with them. They are disrespectful over the phone, ignore my requests not to fax me needlessly. The thought of doing business with an unprofessional behavioral group like them is incomprehensible. I may have to report them to the Federal Authorities."[6]

- "I will give this company 1 star. Every week I keep on getting one or to spam faxes from different roofing companies on my ****************** fax machine. I keep on blocking these numbers where these faxes came from but every time they used a different number for the next fax. When I called them up, some these people use bad word and very fresh to me and hung up the telephone. There no way to stop these faxes of coming in. I might add my fax number to the do no calling less."[7]

- "I had to give at least one star to post this. Less than zero stars would be more appropriate. This scam company sends spam faxes to my medical professional office at least once a week and do not list a number to unsubscribe from this, as is required. I have repeatedly called and asked them to remove this office each time. They are quite unresponsive and unprofessional on the phone and apparently in the work they do as well. No one should ever do business with this company."[8]

- "Every day I get stupid fax from these people, I have tried contacting them to stop but each day it continues... I would never use a company like this..."[9]

- "This company has sent me spam faxes repeatedly for several years now and will not stop. I don't know how they received my fax number and repeatedly called them to stop sending the faxes to no avail."[10]

13. Accordingly, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized fax-based marketing activities, as well as an award of actual and statutory damages, along with costs and reasonable attorneys' fees.

**PLAINTIFF THOMAS' ALLEGATIONS**

14. On May 10, 2021 at 1:53 PM, Defendant United Roofing sent a fax advertisement to Plaintiff Thomas's fax machine. (A true and accurate copy of the fax advertisement is attached hereto as Exhibit A).

15. The fax advertisement asks Plaintiff Thomas to call 855-226-9990 and 718-688-1172.

---

[6] Id.
[7] Id.
[8] Id.
[9] Id.
[10] Id.

16. 855-226-9990 is associated with the Defendant:



17. Plaintiff never consented to receive a fax advertisement from the Defendant.

18. On May 24, 2021 at 12:56 PM, Defendant United Roofing sent a fax advertisement to Plaintiff Thomas's fax machine. (A true and accurate copy of the fax advertisement is attached hereto as Exhibit B).

19. The fax advertisement contains no opt-out language.

20. On June 24, 2021 at 1:50 PM, Defendant United Roofing sent a fax advertisement to Plaintiff Thomas's fax machine. (A true and accurate copy of the fax advertisement is attached hereto as Exhibit C).

21. On October 20, 2021 at 2:29 PM, Defendant United Roofing sent a fax advertisement to Plaintiff Thomas's fax machine. (A true and accurate copy of the fax advertisement is attached hereto as Exhibit D).

22. On November 10, 2021 at 1:34 PM, Defendant United Roofing sent a fax advertisement

to Plaintiff Thomas's fax machine. (A true and accurate copy of the fax advertisement is attached hereto as Exhibit E).

23. The fax advertisement contains no opt-out language.

24. On January 5, 2021 at 10:29 AM, Defendant United Roofing sent a fax advertisement to Plaintiff Thomas's fax machine. (A true and accurate copy of the fax advertisement is attached hereto as Exhibit F).

25. The fax advertisement contains no opt-out language.

26. On June 22, 2022 at 3:50 PM, Defendant United Roofing sent a fax advertisement to Plaintiff Thomas's fax machine. (A true and accurate copy of the fax advertisement is attached hereto as Exhibit G).

27. The fax advertisement contains no opt-out language.

28. All of the fax advertisements promoted roofing services.

29. Plaintiff did not provide permission to Defendant to send it fax advertisements, or faxes at all.

30. Plaintiff has never been a customer of Defendant, nor has it ever been interested in being a customer of Defendant.

31. The fax occupied Plaintiff's fax line, making it unavailable for legitimate communications.

32. Many of Defendant's facsimile messages did not display a proper opt-out notice as required by 47 C.F.R. 64.1200 because they did not apprise recipients of their legal right to opt out.

33. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were subjected to annoying and harassing

6

faxes that constituted a nuisance, and their fax lines were rendered unavailable for lawful communications.

## CLASS ACTION ALLEGATIONS

34. **Class Definitions:** Plaintiff Thomas brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) individually and on behalf of a Class of similarly situated individuals as follows:

> **Unsolicited Fax Message Class:** All persons and entities to whom: (a) Defendant and/or a third party acting on Defendant's behalf sent one or more faxes; (b) advertising Defendant's services (c) at any time in the period that begins four years before the date of filing this complaint and ends at the date of trial.

35. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

36. **Numerosity**: The exact size of the Class is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant faxed unsolicited advertisements to thousands of individuals and entities who fall into the definition of the Class. Class membership can be easily determined from Defendant's records.

37. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff is a member of the Class, and if Defendant violated the TCPA with respect to Plaintiff, then they violated the TCPA with respect to the other members of the Class. Plaintiff and

the Class sustained damages as a result of Defendant's uniform wrongful conduct.

38. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

- a) Whether Defendant's faxes advertised the commercial availability or quality of property, goods, or services;

- b) Whether Defendant sent the fax advertisements without first obtaining prior express permission or invitation from Plaintiff and the Class to do so; and

- c) Whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Defendant's actions.

39. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

40. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

41. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of

this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Unsolicited Fax Message Class)**

42. Plaintiff incorporates and realleges the prior paragraphs of this complaint as if fully set forth herein.

43. The TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C).

44. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

45. The faxes sent by Defendant advertised the commercial availability and quality of its

9

goods and services and were commercial in nature. Therefore, Defendant's faxes are advertisements under the TCPA.

46. Defendant sent the facsimile advertisements at issue to Plaintiff and other members of the Class without their prior express invitation or consent, and despite the lack of an existing business relationship between them and members of the Class.

47. By sending the unsolicited advertisement faxes at issue to Plaintiff and members of the Class without their prior express invitation or permission, Defendant violated 47 U.S.C. § 227(b)(1)(C).

48. As a result of Defendant's conduct, Plaintiff and the members of the No Consent Class suffered actual damages, including the conversion or loss of paper and toner consumed in the printing of the faxes, the loss of use of the recipients' fax machines during the time required to receive, review and route the unauthorized faxes, as well as increased labor expenses.

49. Plaintiff and the Class are therefore entitled to a minimum of $500 in damages for each violation under 47 U.S.C. § 227(b)(3)(B). To the extent Defendant's misconduct is determined to be willful, the Court should treble the amount of statutory damages under 47 U.S.C. § 227(b)(3).

50. Additionally, as a result of Defendant's unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A), to ensure that Defendant's violations of the TCPA do not continue into the future.

**PRAYER**

WHEREFORE, Plaintiff Kenneth A. Thomas MD, LLC, on behalf of itself and the Class, prays for the following relief:

   a. An order certifying the Class as defined above, appointing Kenneth A. Thomas MD, LLC as the representative of the Class, and appointing its counsel as Class Counsel;

b.  An order declaring that Defendant's actions, as set out above, violate the TCPA;

c.  An order declaring that Defendant's faxes constitute unsolicited advertisements, and that Defendant sent the faxes without first obtaining prior express invitation or permission of the recipients, and enjoining Defendant from further violations, and otherwise protecting the interests of the Class;

d.  An award of statutory damages;

e.  An award of pre-judgement interest and costs; and

f.  Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**KENNETH A. THOMAS MD, LLC**, individually and on behalf of all others similarly situated,

Dated: February 19, 2025.

By: /s/ Stefan Coleman
Stefan Coleman (FL Bar No. 30188)
law@stefancoleman.com
COLEMAN PLLC
11 Broadway, Suite 615
New York, NY 10001
Telephone: (877) 333-9427

Avi R. Kaufman (FL Bar No. 84382)
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

11